*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-167

MAY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| Scott Manfredi | } | DOCKET NO. 1187-8-10 Rdcr |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Defendant appeals from an order of revocation of probation, asserting that the evidence does not support the trial court's finding that he violated a probation condition requiring that he participate in anger management counseling. We affirm.

In December 2011, defendant was convicted pursuant to a plea agreement of aggravated assault with a weapon. He was sentenced to a term of two to five years, all suspended with probation except for sixteen months to serve. Among his probation conditions was a requirement, set forth in Condition 31, that he "actively participate in violence counseling for anger management at your own expense, to the satisfaction of your probation officer."

Defendant was released from prison on December 12, 2011, the day he signed the probation order acknowledging that he understood and agreed to its terms. In October 2012, defendant's probation officer, Marge Durgin, filed a probation-violation complaint, alleging in her affidavit that defendant had violated three conditions of probation, two arising from a new charge of aggravated assault, and a third based on an allegation that defendant had "not completed any anger management counseling to date," in violation of Condition 31. Defendant was re-incarcerated on the new charge, but was later acquitted, and the State then proceeded solely with the third VOP charge. The court subsequently granted defendant's attorney's motion to withdraw based on defendant's request to represent himself.

At the merits hearing in May 2014, the State called defendant's current probation officer, Jennifer Swenson, who testified that she had taken over the case about two months earlier from probation officer Durgin, who was on maternity leave. Swenson testified that there was nothing in defendant's file to indicate that defendant had begun or participated in anger management counseling. She stated that defendant's file contained a note from February 2012 indicating that defendant had cancelled an appointment with Rutland County Mental Health, as well as a note that defendant had been referred to a psychiatrist for a medication consult, and copies of prescriptions.

Defendant testified that he had been prescribed medications for "anxiety, paranoia, [and][ anger issues," that he discussed "how things were going in my life" with the psychiatrist, and that he "considered that . . . part of my counseling." Defendant acknowledged that he was aware

of anger management classes offered by the Department of Corrections, and further acknowledged that he had not enrolled in them during the probation period. Defendant stated that he had intended to enroll in the classes at some point but was not informed by his probation officer of any "set schedule to be enrolled in any counseling," and that he was re-arrested in October 2012 before he could do so.

The trial court entered findings on the record at the conclusion of the hearing. The court found that defendant had not entered anger management counseling as required by the terms of his probation, that defendant's meeting with a psychiatrist did not satisfy Condition 31, that the probation officer was not required to set a "schedule" for defendant to ensure his compliance, and that the probation violation was not the result of factors beyond defendant's control. Accordingly, the court revoked defendant's probation and sentenced him to serve the remainder of the underlying sentence. This appeal followed.

Defendant contends the evidence did not support the trial court's decision. The governing standards of review are well settled. The issue presents a "mixed question of law and fact." State v. Sanville, 2011 VT 34, ¶ 7, 189 Vt. 626 (mem.). The trial court must make factual findings as to what actions the probationer took, or in this case, failed to take, which we will uphold if supported by any credible evidence, and must then make the legal determination as to whether the acts constitute a violation of probation, which we will uphold if supported by the findings and a correct interpretation of the law. Id. The State bears the initial burden of proving by a preponderance of the evidence that there has been a violation of probation whose conditions were known to defendant. State v. Coyle, 2005 VT 58, ¶ 8, 178 Vt. 580 (mem.). If the State meets this burden, the probationer must show that the violation was not willful, but instead resulted from factors beyond his control and through no fault of his own. Id.

Assessed in light of these standards, we discern no basis to disturb the judgment. Defendant's admission that he was aware of the probation condition requiring anger management counseling and failed to enroll in the program offered by DOC supports the court's finding that he violated Condition 31. Defendant's admission that he had intended to enroll but was stymied by his subsequent arrest undermines his claim that that he believed that discussing "how things were going" in his life with a psychiatrist fulfilled the probation requirement. Defendant's assertion that his probation officer did not set a "schedule" for his compliance during the ten-month period from his release to his re-incarceration does not show that his non-compliance was through no fault of his own. Accordingly, we find no merit to defendant's claim that the evidence was insufficient to support the court's conclusion that he violated probation Condition 31, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice